UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VERNON L. STRAIN,

    Plaintiff,

v.

VOLVO PARTS NORTH AMERICA,
COLUMBUS PARTS DIST. CENTER,

and

UAW LOCAL 2269,

    Defendants.

Case No. 2:16-cv-998
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

The matter is before the Court on the Motions to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Volvo Parts North America, Columbus Distribution Center, (correct legal name "Volvo Group North America, LLC," hereinafter "Volvo") (*Volvo Mot.*, ECF No. 5), and Defendant Local 2267, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW Local 2269" or the "Union") (*Union Mot.*, ECF No. 6). These motions address Plaintiff Vernon Strain's ("Plaintiff") *pro se* Complaint Motion to Confirm Arbitration Award (*Complaint*, ECF No. 2). Plaintiff filed his Opposition to Defendants' Motions to Dismiss. (*Pl. Opp.*, ECF No. 14.) The motions are ripe for consideration.

### I.

On September 12, 2016, Plaintiff, proceeding *pro se*, commenced an action in the Franklin County Court of Common Pleas, Case No. 16CV-90-8622. The Complaint was styled as a "Motion to Confirm Arbitration Award." (*Complaint*, ECF No. 2.) The Complaint and Arbitration Award

was served on Volvo by certified mail on September 21, 2016. (ECF No. 1, ¶ 3.) The arbitration proceeding that is the subject of the Complaint was initiated by the Union, as Plaintiff's exclusive collective bargaining representative.

Although Plaintiff's state court Complaint was filed pursuant to O.R.C. §2711.09, Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 20 U.S.C. §301(a), completely preempts the field, and any civil action asserting a breach of a labor agreement "is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Workers Local 24*, 357 F.3d 546, 549, 552 (6th Cir. 2004). Thus, with the consent of the Union, Volvo timely filed its Notice of Removal (ECF No. 1) to this Court. *See* 28 U.S.C. § 1446(b)(1).

## II.

Plaintiff asserts that he entered into a "written agreement through Federal Mediation and Conciliation Service to arbitrate a dispute arising out of grievances between the Plaintiff and Defendant." (*Complaint*, ECF No. 2, at p. 48 of 49, PageID # 105.) Plaintiff was employed by Volvo at its Columbus Parts Distribution Center, and was represented by the Union and subject to the provisions of the Collective Bargaining Agreement ("CBA"). Pursuant to the CBA, grievances were filed on behalf of Plaintiff over his suspension and termination by Volvo. The parties could not resolve the grievances by mutual agreement, and the grievances were submitted to arbitration. A hearing was held before the Arbitrator. Plaintiff appeared and testified at the hearing, and the Union provided representation. On September 8, 2015, the Arbitrator issued his Opinion and Award, in which he concluded that, although Volvo acted properly in suspending Plaintiff, its termination of

2

Plaintiff lacked "just cause" within the meaning of the CBA. The arbitrator crafted a remedy, based on his determination of the circumstances, as follows:

> The arbitrator is sympathetic to some of Grievant's concerns. Nevertheless, it is entirely possible that had he cooperated and participated in the telephone interview and satisfactorily explained his intention, or effectively corrected one or more of the alleged statements, the Company may have reconsidered its position. At a minimum, it may have led to a full hearing on the matter. In such light, it would be contrary to ordinary make-whole considerations to grant full back pay. Where a grievant has not done all in his power to mitigate his losses, a full make-whole remedy is not warranted. Accordingly, and considering the knowledge that Grievant did receive unemployment compensation, the arbitrator will not award any back pay.
>
> Another consideration is the planned closing of the Company's facility in Columbus and the certainty that Grievant would be laid off in the very near term. In such light, the arbitrator will not order reinstatement. Rather, what is more appropriate is "front pay" for the Grievant. Such front pay shall be negotiated by the parties based on the earnings the Grievant would likely have between the date of this award and the likely date of Grievant's layoff from the Company. Such calculation shall take into account grievant's absenteeism rate for the one-year period prior to his termination as well as any likely overtime earnings.
>
> Finally, Grievant shall be eligible to receive any severance package granted to employees laid off by the Company.

(ECF No. 2, p. 49 of 49, PageID # 103.)

On September 12, 2016, more than one year after the Arbitrator entered his decision, Plaintiff filed his Complaint in the state court. Plaintiff asserts that the Arbitrator's decision contains "vague language," and that he requested that the Union appeal the award, but was denied representation. (*Complaint*, ECF No. 2, p. 48 of 49, PageID #105.) Among other relief sought, the Complaint "requests confirmation of the attached Arbitration Award because the company refuses to honor the award by not revealing the specific details of the award."[1] (*Id.*)

---

[1] Volvo asserts of "fully complied with the actual Arbitration Award, thus rendering a Motion to Confirm the award moot." (*Volvo Mot.*, ECF No. 6, at p. 5).

**III.**

Defendants move for dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Rule requires the Court to construe the complaint in Plaintiffs' favor, accepting the factual allegations of the complaint as true, and then determining whether the factual allegations present any plausible claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). However, the Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). Where a complaint shows on its face that relief is barred by a statute of limitations, the defense may be pleaded in a motion to dismiss. *A.G. Reeves Steel Const. Co. v. Weiss*, 119 F.2d 472, 476 (6th Cir. 1941), citing *A.J. Phillips Co. v. Grand Trunk Western Ry. Co.*, 236 U.S. 662, 668, 35 S.Ct. 444 (1915) ("For when it appeared that the complaint had not been filed within the time required by the statute, it was evident, as matter of law, that the plaintiff had no cause of action.") Both the Union and Volvo assert that Plaintiff's Complaint shows on its face that it is barred by the statute of limitations, because the Complaint was filed in state court more than a year after the Arbitration Award was entered.

The Union asserts that Section 301 of the LMRA preempts this action. However, it asserts that Section 301 of the LMRA does not contain a statute of limitations, and the Court should use the most analogous state statute of limitations. *See Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. (UAW), AFL-CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703-04 (1966) ("state statute of limitations govern the timeliness of federal causes of action unless Congress has specifically provided otherwise.") (*Union Mot.*, ECF No. 6, at p. 4.) In this instance, the Union

4

asserts that "[t]he statute of limitations for a motion to confirm an arbitration award pursuant to R.C. § 2711.09, is "one year after an award in an arbitration proceeding is made." (*Id.* at p. 5.) The Union also asserts that Plaintiff "cannot seek an order modifying or vacating the Arbitration Award because he failed to file this Action within the three month statute of limitations set forth in Ohio Revised Code Section 2711.13." *Am. Church Builders v. Christian Fellowship Ctr.*, No. 05AP-219, 2005-Ohio-6056, 2005 WL 3047424, ¶30 (Ohio Ct. App. 10th Dist. Nov. 15, 2005); *Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Workers Local No. 24*, 357 F.3d 546, 552 (6th Cir. 2004). (*Union Reply*, ECF No. 15, at p. 3.)

Volvo asserts that Strain "is not a party to the collective bargaining agreement that was the basis for the arbitration proceeding, and lacks standing to request that the award be confirmed, vacated or modified." (*Volvo Mot.*, ECF No. 5-1, at p. 4.) Thus, Volvo asserts that Plaintiff's claim is cognizable only as a hybrid § 301/fair representation claim against both Volvo and the Union for breach of contract by Volvo and for breach of its duty of fair representation by the Union, and that the statute of limitations for such a hybrid lawsuit is six months. (*Id.* at pp. 4-5.) There is ample support for this position. In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163-64 (1983), the Supreme Court considered the issue of the appropriate statute of limitations for such a hybrid action. The Court expressed its concern that many state statutes provided an insufficient amount of time for an employee, "unsophisticated in collective bargaining matters,...to evaluate the adequacy of the union's representation, to retain counsel, to investigate substantial matters that were not at issue in the arbitration proceeding, and to frame his suit." *Id.* at 166. The Court, having determined that the limitations choices provided by the various states were either too long or too short to accommodate the policies underlying federal law in this instance, looked to §

5

10(b) of the National Labor Relations Act, and its six-month limitations period for filing unfair labor practice charges. *Id.* at 169-70. Therefore, under *DelCostello*, a hybrid § 301/fair representation action would need to be brought within six months of the accrual of the cause of action.

The Supreme Court has long held that the burden rests on the plaintiff in an action to allege and prove that his or her cause was brought within the time limit. *See Cheatham v. United States*, 92 U.S. 85, 89, 23 L.Ed. 561 (1875); *A.J. Phillips Company*, 236 U.S. at 667. It is also a long standing practice that complaints filed by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, *pro se* litigants must comply with all procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993)("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

In the case at bar, whether the applicable limitations period was three months, six months, or one year is of no import, because it is plain on the face of the pleadings that the Complaint was filed more than one year after the date of the Arbitrator's Opinion and Award.

## IV.

For the reasons stated above, the Defendants' Motions to Dismiss (ECF Nos. 5, 6) are **GRANTED**. Plaintiff's Complaint Motion to Confirm Arbitration Award (ECF No. 2) is **DISMISSED**.

**IT IS SO ORDERED.**

9-18-2017
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE